UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
MR. WATER HEATER ENTERPRISES, INC. :
et ano.,
: 08 Civ. 10959 (WHP)
Plaintiffs,
: MEMORANDUM & ORDER
-against-
:
1-800-HOT WATER HEATER, LLC et ano.,
:
Defendants.
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/2010

WILLIAM H. PAULEY III, District Judge:

Mr. Water Heater Enterprises, Inc. and MRW National, Inc. ("Plaintiffs") bring this trademark infringement action against 1-800-Hot Water Heater, LLC, and Mr. Hot Water Heater, Inc. ("Defendants"). Plaintiffs allege Lanham Act claims for trademark infringement pursuant to 15 U.S.C. § 1114(1) and false designation of origin pursuant to 15 U.S.C. § 1125(a), and state law claims for trademark infringement, unfair competition, deceptive acts and practices, and unjust enrichment. By Memorandum and Order dated August 31, 2009, this Court denied Plaintiffs' motion for summary judgment on their Lanham Act claims and granted Defendants' motion for summary judgment on the deceptive acts and practices claim. See Mr. Water Heater Enters., Inc. v. 1-800-Hot Water Heater, 648 F. Supp. 2d 576 (S.D.N.Y. 2009). Plaintiffs now move for reconsideration of that part of the order denying Plaintiffs' motion for summary judgment. For the following reasons, Plaintiffs' motion is denied.

## DISCUSSION

Local Civil Rule 6.3 allows a party to move for reconsideration of a court's decision in light of "matters or controlling decisions which counsel believes the court has

overlooked." Reconsideration of an order is an "extraordinary remedy to be employed sparingly in the interests of finality and [to conserve] scarce judicial resources." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Accordingly, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "cannot assert new arguments or claims which were not before the court on the original motion." Koehler v. Bank of Bermuda, Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (citing Kunica v. St. Jean Fin., Inc., 63 F. Supp. 2d 342, 346 (S.D.N.Y 1999)). Thus, reconsideration allows a court to correct for clear error, to prevent manifest injustice, or to review in the light of newly available evidence. Parrish, 253 F. Supp. 2d at 715.

Plaintiffs contend that this Court applied the wrong standard for a word-mark claim. However, as Plaintiffs' reconsideration motion acknowledges, this Court utilized the test laid out in GMA Accessories, Inc. v. Croscill, Inc., No. 06 Civ. 6236 (GEL), 2008 WL 591803 (S.D.N.Y. Mar. 3, 2008). In GMA Accessories, then-District Judge Lynch, in assessing a word-mark claim concerning the word "Charlotte," held that courts must assess the "text, typeface, and general appearance" of the marks. 2008 WL 591803, at *5. This Court explicitly conducted such an analysis on Plaintiffs' federally registered word mark "Mr. Waterheater," U.S. Trademark Registration No. 1,218,299, for gas and electric water heaters (the "299 Mark"). See Mr. Water Heater, 648 F. Supp. 2d at 586 ("First, neither the color, typeface, nor text are the same. . . ."). Contrary to Plaintiffs' suggestion that GMA Accessories does not look outside the

context of a word mark, Judge Lynch held that "courts analyze 'the overall impression created by the [marks] and the context in which they are found and consider the totality of factors that could cause confusion among prospective purchasers.'" GMA Accessories, 2008 WL 591803, at *5 (citing Gruner + Jahr USA Publ'g v. Meredith Corp., 991 F.2d 1072, 1078 (2d Cir. 1993)).

Plaintiffs' remaining contentions merely recapitulate their earlier arguments. A motion for reconsideration is not an opportunity to quibble with the Court—rather, its use is "limited to bringing to the Court's attention controlling authority or factual matters . . . [which were] overlooked." Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004). Where an issue was raised and rejected, it cannot be said to have been overlooked by this Court. See Drayton v. Toys 'R' Us, Inc., No. 07 Civ. 6315 (RMB), 2009 WL 2905783, at *2 (S.D.N.Y. Sept. 9, 2009) ("[A] motion for reconsideration is 'not designed to accord an opportunity for the moving party, unhappy with the results, to take issue with the Court's resolution of matters considered in connection with the original motion." (citations omitted)); De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998) (reconsideration is not an opportunity for parties to "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings"). Notably, Plaintiffs' contention that Dawn Donut Co. v. Hart's Food Stores, Inc., 267 F.2d 358 (2d Cir. 1959), obviates the need for a "proximity of products" analysis is contrary to established law. See Brennan's Inc. v. Brennan's Rest., L.L.C., 360 F.3d 125, 134 (2d Cir. 2004). Indeed, the Court of Appeals has found this proximity analysis "critical" to determining whether a trademark infringement is occurring. Brennan's, 360 F.3d at 134

("Although registration presumptively creates nationwide protection, the Lanham Act <u>only permits</u> an injunction against a party where that party's use of a similar mark is likely to cause confusion." (emphasis added)). Given the Court of Appeals' recent opinion in <u>Brennan's</u>, which is not in conflict with <u>Dawn Donut</u>, an analysis of the parties' geographic proximity was appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied.

Dated: January 20, 2010
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Gerard Patrick Norton, Esq.
Fox Rothschild LLP
100 Park Avenue, Suite 1500
New York, NY 10017
*Counsel for Plaintiffs*

Eric Weinstein, Esq.
Feldman Weinstein & Smith LLP
420 Lexington Avenue
New York, NY 10170
*Counsel for Defendants*